KETHLEDGE, Circuit Judge,
dissenting.
I respectfully disagree with the majority’s conclusion that the district court’s admission of evidence regarding Kellogg’s involvement in a bank robbery requires a new trial in this case. The core issue at trial was whether the gun found at the duplex belonged to Kellogg. He took the stand to deny that fact, and to impugn generally the credibility of the government’s lead witness, FBI Agent Melia. Having done so, it was fair game for the government to rebut Kellogg’s testimony with proof that Kellogg used the same gun in a bank robbery only a few days before the gun was found. Virtually all of the evidence cited by the majority was admitted for precisely this purpose. That evidence did not merely show that Kellogg was a dangerous man; it instead all but certainly established that the gun was his. Which is to say, the evidence was highly relevant to the basic factual dispute in the case.
It is a tall order, then, for this court to say that the district court abused its discretion in admitting that evidence. That is particularly true given that — in an abundance of caution — the district court initially excluded, most of the evidence now cited by the majority. That evidence only came in when Kellogg chose to throw down the gauntlet in his own testimony — again, concerning the basic factual dispute in the case. I do not think the government was required to sit on evidence that proved Kellogg wrong.
All that said, I recognize that this case is a close one. The government’s evidence on rebuttal was more colorful than necessary to prove that Kellogg used the gun in the prior robbery. But on balance, I think the admission of the cited evidence fell within the discretion afforded the district court. I therefore respectfully dissent.